DONNA S. TAMANAHA, Assistant U.S. Trustee (WI#1013199)
U.S. Department of Justice
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: Donna.S.Tamanaha@usdoj.gov

Attorneys for Acting United States Trustee
 AUGUST B. LANDIS

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re | Case No. 10-33637 DM 11 |
| **BRUGNARA PROPERTIES VI**, | Chapter 11 |
| Debtor-in-Possession. | Date: June 3, 2011<br>Time: 10:00 a.m.<br>Ctrm: Hon. Dennis Montali<br>235 Pine Street, Courtroom 22<br>San Francisco, CA |

**UNITED STATES TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7
UNDER 11 U.S.C. § 1112**

August B. Landis, Acting United States Trustee for the Northern District of California - Region 17, ("U.S. Trustee") hereby moves this Court for an order converting this case to chapter 7 under 11 U.S.C. § 1112(b) ("Motion"). The motion is based upon the following:

- Debtor has failed to propose a viable reorganization plan, while accruing debt, constituting "cause" to convert or dismiss this case under 11 U.S.C. § 1112 (b)(4)(A);

- Debtor has, without excuse, failed to satisfy timely the reporting requirements set forth in 11 U.S.C. § 704(a)(8), B.L.R. 2015-2 and F.R.B.P. 2015.3, which constitutes "cause" to convert or dismiss a chapter 11 case, within the meaning of 11 U.S.C. § 1112(b)(4)(F); and

- Debtor has failed to provide information requested by the United States Trustee, specifically, furnishing signature cards for a debtor-in-possession account and evidence of

adequate insurance to cover the value of Debtor's sole asset – residential real property located at 224 Sea Cliff Avenue in San Francisco, California. Failure to provide information reasonably requested by the United States Trustee constitutes cause to convert or dismiss a chapter 11 case, within the meaning of 11 U.S.C. § 1112(b)(4)(H).

This Court has jurisdiction over this matter under 28 U.S.C. § 1334, 28 U.S.C. § 157, and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A) and (O).

In support of this motion, the U.S. Trustee requests that the Court consider the memorandum of points and authorities, and the Declaration of Ankey To, as well as all documents filed in this case as well as in the Debtor's previous case, *In re Brugnara Properties VI*, Case No. 09-30038.

The U.S. Trustee reserves the right to conduct discovery in this contested matter in accordance with the Federal Rules of Bankruptcy Procedure, as well as present additional evidence in support of his motion.

## I. STATEMENT OF FACTS

1. Brugnara Properties VI ("Debtor") filed a voluntary petition for relief under chapter 11 on September 17, 2010 with the assistance of attorney Joel K. Belway.

2. This is Debtor's second filing since 2009. Debtor's prior case, *In re Brugnara Properties VI*, Case No. 09-30038 DM, was filed on January 7, 2009 ("Prior Case"). The Prior Case was dismissed on August 27, 2009, at the request of the Debtor.

3. The designated responsible individual is Kay L. Brugnara.

4. Debtor has related entities owned and controlled by Luke Brugnara[1] (collectively referred to as the "Brugnara Entities"), which are currently pending cases in this judicial district. The other two entities are:

    a. In re Brugnara Properties I, L.P. ("Brugnara I"), Case No. 08-32073, commenced on October 31, 2008 and converted from chapter 11 to chapter 7 on August 4,

---

[1] Mr. Brugnara is currently incarcerated.

1    2009. Brugnara I[2], a limited partnership, former owner of the commercial office
2    building located at 351 California Street, San Francisco, California; and

   b. <u>In re Brugnara Corporation</u> ("Brugnara Corp"), Case No. 09-30041, commenced on January 7, 2009 and converted from chapter 11 to chapter 7 on August 21, 2009. Brugnara Corporation[3], a corporation, owns real property located at 4850 Redwood Retreat Road, Gilroy, California, and previously managed the commercial office building at 351 California Street formerly owned by Brugnara Properties I, L.P.;

  5. Debtor, Brugnara VI[4], a corporation, owns real property located at 224 Sea Cliff, San Francisco, California, the family residence of Luke and Kay Brugnara.

  6. Debtor's sole asset is residential real property located at 224 Sea Cliff Avenue in San Francisco, California with a scheduled value of $17.8 million and encumbrances of $11.6 million. The liens, according to the Debtor's Schedules, consist of a first deed of trust held by Wachovia and a second deed of trust in favor of Jorei Enterprises.

  7. The Prior Case was filed to forestall a foreclosure sale by Jorei. After filing, a bankruptcy court-approved settlement provided, in part, for liquidation of Jorei's deed of trust to an amount less than the original deed of trust. In the Prior Case, Debtor stated its intention to dismiss this case after approval and execution of the settlement. The U.S. Trustee opposed dismissal because the financial affairs of the Brugnara Entities were intertwined in such a way that no reliable comprehensive financial

---

[2]In response to Question No. 21a of Brugnara Properties I, L.P.'s Statement of Financial Affairs, the Debtor discloses that its general partner is <u>Brugnara Properties VII</u> and its limited partner is Luke Brugnara. No other limited partner is listed, but the Debtor left blank a response to the inquiry as to "Percentage of Interest."

[3]In response to Question No. 21b of Brugnara Corporation's Statement of Financial Affairs, the Debtor discloses that Luke Brugnara is the President/Secretary/Director of the Debtor and he is 100% shareholder.

[4]In the Prior Case, in response to Question No. 21b of Brugnara VI's Statement of Financial Affairs, the Debtor discloses that Luke Brugnara is the President/Secretary/Director of the Debtor and he is the 100% shareholder. However, in the instant case, Debtor discloses Kay Brugnara is the President/Secretary/Director of the Debtor and she is the 100% shareholder.

reporting had been made to creditors, the Court, the U.S. Trustee. This Court initially denied Debtor's motion to dismiss. Debtor moved for reconsideration of the order denying its motion to dismiss. The Court granted the motion for reconsideration and the Prior Case was dismissed on August 27, 2009.

8. In this case, the Debtor scheduled secured claims totaling $11.6 million, no unsecured priority claims, and unsecured claims totaling $1,000[5]. Filed priority claims total $2,586.87 and unsecured claims total $418.27.

**Debtor's Proposed Plan of Reorganization is Vague and Appears to Be Unconfirmable**

9. The Debtor is not progressing at a reasonable pace toward confirmation, given the relative non-complex financial circumstances of the Debtor. Debtor filed a plan and disclosure statement on December 16, 2010. Debtor then filed an amended plan and disclosure statement on January 18, 2011. The disclosure statement for the amended plan is currently scheduled for hearing on May 12, 2011. The U.S. Trustee has objected to the adequacy of disclosure.

10. Debtor's plan lacks sufficient specificity as to how the Debtor expects to meet obligations, and is particularly vague about what, if any, obligations the Debtor has under the plan.

11. Debtor's plan overlooks significant taxing authorities. In addition to the proof of claim filed by Wells Fargo Bank in the amount of $7,254,033.19, two taxing authorities have filed proofs of claim:

   a) Franchise Tax Board filed a proof of claim on December 1, 2010, in the amount of $3005.14, notably disclosing that the Debtor has not filed an income tax return for 2008, 2009, and 2010;

   b) The City and County of San Francisco filed a proof of claim on March 7, 2011, in the amount of $337,964.63 for real estate taxes for fiscal years 2008-2009, 2009-2010, 2010-2011.

12. The U.S. Trustee has filed an Objection to Debtor's First Amended Disclosure Statement,

---

[5] In the Prior Case, Debtor scheduled unsecured claim totaling $10,328. Filed unsecured claim total $796,309.30.

among other issues, raising concerns about discrepancies between the treatment of the Jorei claim and Debtor's past statements , as well as concerns about particular plan provisions. See PACER, docket #32. The U.S. Trustee adopts the objection as further support to convert this case.

### No Operating Business & Failure to Act as Fiduciary

13. Debtor has been chronically delinquent in filing monthly reports of operations, to wit:

    a) Debtor filed operating reports for September 2010 through January 2011 on March 3, 2011, only after the deficiency was raised by the U.S. Trustee and only after the court on February 28, 2011, required that the reports be filed;

    b) The reports, as filed, are deficient in that copies of month end bank statement(s), reconciliation(s), and check register(s) have not been properly attached;

    c) The reports appear to be inaccurate as they do not reflect the accrual of taxes;

    d) Debtor is currently delinquent for the filing of monthly reports for February 2011 and March 2011.

14. Debtor's failure to file timely reports appears to be unjustified, as Debtor has reported no ongoing business operations, no receipts, and no income from the Sea Cliff residence.

15. Despite having been in chapter 11 for eight months, Debtor has yet to produce evidence of insurance on the real property located at 224 Sea Cliff Avenue in San Francisco, California.

16. Despite having been in chapter 11 for eight months, Debtor has yet to produce a bank signature card to the debtor-in-possession account opened at Wells Fargo Bank.

The foregoing constitutes cause under 11 U.S.C. § 1112 to dismiss this case or to convert this case to a case under chapter 7. Based upon the Debtor's track record (asking for dismissal of the Prior Case, then returning to chapter 11 with little changed circumstances), the accrual of undisclosed expenses, the Debtor's chronic failure to comply with fiduciary duty, the availability of assets for liquidation, the interests of creditors are served by conversion and not by dismissal of the case.

///
///
///

## II. PRAYER FOR RELIEF

WHEREFORE, the United States Trustee respectfully prays that the Court enter an order converting this case to chapter 7, and such other and further relief as is just.

Dated: May 10, 2011

Respectfully submitted,

August B. Landis, Acting U.S. Trustee

By: /s/ Donna S. Tamanaha
Assistant U.S. Trustee