JOEL K. BELWAY [60556]
THE LAW OFFICE OF JOEL K. BELWAY
Professional Corporation
235 Montgomery St., Suite 668
San Francisco, CA 94104
Telephone: (415) 788-1702
Facsimile: (415) 788-1517

*Attorney for Debtor*
*BRUGNARA PROPERTIES VI*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>BRUGNARA PROPERTIES VI,<br><br>    Debtor.<br><br>Federal ID No. 91-2003281 | Chapter 11 No. 10-33637<br><br>**DEBTOR'S OPPOSITION TO U.S. TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7 UNDER 11 U.S.C. § 1112(b)**<br><br>Date: June 3, 2011<br><br>Time: 10:00 a.m.<br><br>Court: Judge Montali<br>       Courtroom 22 |

Debtor and debtor-in-possession, Brugnara Properties VI ("Debtor"), submits this opposition to the Motion to Convert Case to Chapter 7 Under 11 U.S.C. § 1112(b) (the "Motion") of the United States Trustee ("Trustee").

Debtor believes it has satisfied the technical reporting and information furnishing requirements of the Trustee. It has filed all operating reports due through this date, it has furnished the signature card to the Trustee for the DIP account at Wells Fargo

1     DEBTOR'S OPPOSITION TO U.S. TRUSTEE'S MOTION TO
Case: 10-33637   Doc# 56   Filed: 05/19/11   Entered: 05/19/11 19:20:56   CONVERT CASE TO CHAPTER 7
Page 1 of 5

Bank and has furnished information of the insurance for Debtor's residential real property located at 224 Sea Cliff Avenue in San Francisco, California (the "Property"). Debtor has also paid the Trustee's quarterly fees due in this case.

Beyond the technical matters raised in the Motion, Debtor filed, on May 11, 2011, a Second Amended Disclosure Statement for Chapter 11 Plan of Reorganization ("Disclosure Statement") and a Second Amended Chapter 11 Plan ("Plan"). The hearing on the Disclosure Statement has been continued to June 3, 2011, to coincide with the hearing on the Motion.

Debtor's principal, Katherine Brugnara, operating under very stressful personal family circumstances which have affected the ability of the Debtor to pay the two mortgages against the Property and the San Francisco property tax, is doing her best to take the steps that would lead to payment of all claims of the few creditors in this case. She is making progress in those endeavors and will continue to do everything she can to cause the Debtor to pay all claims against it. She resides in the Property with her four children, while her husband, Luke Brugnara, is presently in federal custody.

While Debtor regrets having been slow to stay on top of the Trustee's technical requirements, there has been compliance and there was never refusal to comply with anything. Mrs. Brugnara's personal circumstances, as set forth in great detail in the Disclosure Statement, have made the seemingly easy requirements more difficult to fulfill, but fulfill them she has.

By its Disclosure Statement and Plan, filed May 11, 2011, Debtor attempted to address the deficiencies identified by the

Trustee in an objection to the Debtor's prior disclosure statement and plan.  In conversation with the representative of the Trustee, Debtor's counsel has been apprised of some additional potential objections by the Trustee, and Debtor will attempt to address those.  Specifically, Debtor will provide by amendment to its Plan for a sale of the Property by a date certain, if Debtor's efforts, through the assets of Mrs. Brugnara, have not produced payment of the claims as proposed by the Plan by such a date.  Therefore, a sale of the Property will be the ultimate means of satisfying the creditors' claims.

In the meantime, Mrs. Brugnara is attempting to obtain the information regarding her interest in the substantial community assets of her marriage, which assets are, she is informed, detailed in a pre-sentencing report generated by the United States Government in connection with the sentencing of Mr. Brugnara upon his conviction in a federal criminal case.  Those assets will provide the preferred alternative to a sale of the Property as the means of satisfying the claims herein.

Any perceived shortcomings that the Trustee sees with the Plan and the Disclosure Statement can be addressed at the hearing on the Disclosure Statement and ultimately at a hearing on confirmation of the Plan.  Debtor has proposed a feasible means of full payment of creditors' claims, and this case should be allowed to continue through the Plan confirmation process to its ultimate conclusion.

Based upon the foregoing and the record of this case, Debtor requests that the Court deny the Motion.

3

DEBTOR'S OPPOSITION TO U.S. TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7

Case: 10-33637    Doc# 56    Filed: 05/19/11    Entered: 05/19/11 19:20:56    Page 3 of 5

Respectfully submitted,

Dated: May 19, 2011                /s/ Joel K. Belway
                                   JOEL K. BELWAY
                                   *Attorney for Debtor*

**DECLARATION OF SERVICE**

I am over the age of eighteen years and not a party to the within action. On May 19, 2011, I served the **DEBTOR'S OPPOSITION TO U.S. TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7 UNDER 11 U.S.C. § 1112(b)** on the following interested parties in this action via First-Class U.S. Mail:

> Donna S. Tamanaha, Esq.
> U.S. Trustee's Office
> 235 Pine Street, Suite 700
> San Francisco, CA 94104

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 19, 2011, at San Francisco, California.

/s/ Kathleen S. Belway<br>
KATHLEEN S. BELWAY