DONNA S. TAMANAHA, Assistant U.S. Trustee (WI#1013199)
U.S. Department of Justice
Office of the United States Trustee
235 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-3333
Facsimile: (415) 705-3379
Email: Donna.S.Tamanaha@usdoj.gov

Attorneys for Acting United States Trustee
 AUGUST B. LANDIS

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | Case No. 10-33637 DM 11 |
| ) | |
| **BRUGNARA PROPERTIES VI**, ) | Chapter 11 |
| ) | |
| Debtor-in-Possession. ) | Date: June 3, 2011 |
| ) | Time: 10:00 a.m. |
| ) | Ctrm: Hon. Dennis Montali |
| ) | 235 Pine Street, Courtroom 22 |
| ) | San Francisco, CA |

### REPLY TO DEBTOR'S OPPOSITION TO U.S. TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7 UNDER 11 U.S.C. § 1112

August B. Landis, Acting United States Trustee for Region 17, ("U.S. Trustee") hereby replies to the Debtor's Opposition to U.S. Trustee's Motion to Convert Case to Chapter 7 under 11 U.S.C. § 1112(b) ("Debtor's Opposition").

Despite having been in chapter 11 for almost eighteen months – nine months in the current case and another nine months in its previous chapter 11 case – the Debtor has not shown that this is or ever has been a legitimate reorganization. The Debtor has casually treated fiduciary requirements as merely "technical" matters, has only complied with requirements when prodded to do so, and has yet to fully disclose its true financial situation. The U.S. Trustee asserts that the inexcusable delay, without accountability or transparency, should not be tolerated by the court.

///

The following facts may be gleaned from the record:

- Debtor would not have filed monthly reports of operations without U.S. Trustee enforcement action.
- Debtor would not have paid quarterly fees without U.S. Trustee enforcement action.
- Debtor would not have furnished evidence of a debtor in possession account without U.S. Trustee enforcement action.
- Despite a request from the U.S. Trustee, the Debtor has yet to provide evidence of insurance for the sole asset of the estate.
- Debtor's monthly operating reports, by failing to list post-petition liability, do not appear to be accurate.
- Debtor has not made any payments to Wells Fargo/Wachovia since September 2008. At the time of filing of this case, Debtor's obligation to Wells Fargo/Wachovia was $7,254,033.19, consisting of arrearage and other charges in the amount of $875,416.82 for payments missed, late charges, fees and interest, for the period September 1, 2008, through September 1, 2010. (See Proof of Claim 1-1 filed on November 22, 2010.)
- At the foregoing rate, Debtor has likely accrued post-petition obligations to Wells Fargo/Wachovia in the amount of about $400,000, a significant amount which has been completely omitted from Debtor's monthly reports of operations. Since a critical part of the Debtor's plan is a purported loan modification with Wells Fargo/Wachovia, ignorance about the status of the Wells Fargo/Wachovia debt is inexcusable.
- Debtor has not made any real estate tax payments since 2008. The Debtor currently owes the City and County of San Francisco Tax Collector $337,964.63 for real estate taxes for fiscal years 2008-2009, 2009-2010, 2010-2011. (See Proof of Claim 3-1 filed on March 7, 2011.) This debt appears to be accruing at the rate of about $100,000 per year.
- Debtor has not filed tax returns for the State of California since 2008. (See Proof of Claim 2-1 filed on December 1, 2010.)
- Debtor's plan proposals completely overlooked tax obligations until the U.S. Trustee

REPLY TO DEBTOR'S OPPOSITION TO UST'S MOTION TO CONVERT CASE TO CHAPTER 7
UNDER 11 U.S.C. § 1112: 10-33637 DM                                                                                              - 2 -

Case: 10-33637   Doc# 57   Filed: 05/26/11   Entered: 05/26/11 16:26:47   Page 2 of 5

brought this shortcoming to the Debtor's attention.

- While the Debtor has <u>now</u> recognized in its Second Amended Plan that it has failed to filed tax returns, the Debtor has still not fully disclosed which returns have not yet been filed, the status of tax return preparation, and projected date for becoming current on its responsibility to be current tax obligations.
- Debtor would not have addressed its failure to file tax returns or tax deficiencies if the U.S. Trustee had not intervened.
- Debtor's current plan lacks any definition regarding timing or action and lacks enforceable consequences.
- Debtor's exit strategy (funding for the plan) has continuously changed throughout the case.

Furthermore, the U.S. Trustee has continuing concerns about the following:

<u>Plan viability</u>. The proposed plan is not a consensual plan. Debtor's counsel has admitted that there has not in fact been contact with the secured creditors about the plan. Thus, creditors are not necessarily supportive of the current provisions.

<u>Tax obligations</u>. The U.S. Trustee is informed and believes that the Debtor is delinquent in filing both state and federal tax returns. Debtor has remained silent about specifics. The lack of candor about this obligation by the Debtor is of concern.

<u>Books and records.</u> The Debtor, through its responsible individual admitted at the early stages of the case the absence of books and records. There appears to be little effort by the responsible individual to obtain control over this Debtor's financial situation.

<u>Communication with Luke Brugnara.</u> With the purportedly newly discovered information about community assets available to Kay Brugnara, Debtor appears to be placing reliance on yet another reason for delay. According to the Debtor's Opposition, the ability to exit chapter 11 now turns upon Mrs. Brugnara's "access" to community property assets, purportedly worth $20,000,000. Instead of simply getting Mr. Luke Brugnara to provide the whereabouts of the $20,000,000, Mrs. Brugnara is instead looking to the United States Government. If the Debtor is to be believed, communications difficulty

REPLY TO DEBTOR'S OPPOSITION TO UST'S MOTION TO CONVERT CASE TO CHAPTER 7
UNDER 11 U.S.C. § 1112: 10-33637 DM - 3 -

Case: 10-33637    Doc# 57    Filed: 05/26/11    Entered: 05/26/11 16:26:47    Page 3 of 5

with Luke Brugnara, who holds the key to $20,000,000, is the primary obstacle to the preferred solution to this case. See Debtor's Second Amended Disclosure Statement, p. 8.

The Debtor's suggestion of communication difficulties with Luke Brugnara is belied by Mrs. Brugnara's recent active participation in litigation to assist her husband. In a recent filing by Luke Brugnara opposing a motion filed by Eric Nyberg to withdraw as counsel for Luke Brugnara, Kay Brugnara served the pleading on Mr. Nyberg. See Exhibit 1, "Opposition to Motion for Order to Allow Kornfield, Nyberg, Bendes And Kuhner, P.C. to Withdraw As Attorney of Record for Plaintiff and Cross-Defendant Luke Brugnara," filed in Adv. Pro. 09-3219, Luke Brugnara v. E. Lynn Schoenmann in Case No. 09-30041, In re Brugnara Corporation.

Since Mr. Nyberg's motion was filed on April 21, 2011, and Mr. Brugnara's opposition was filed fourteen days later on May 5, 2011, through Kay Brugnara, it would appear that communication between Luke Brugnara and Kay Brugnara works well.

The U.S. Trustee asserts that the Debtor has had more than enough time to ascertain its true financial situation, to come to terms with creditors, and to propose a viable plan.

Thus, the court may find "cause" to convert the above-captioned case, based upon any of the following independent bases:

- The estate has experienced continuing loss in connection with the nonpayment of recurring obligations, including to Wells Fargo/Wachovia, the City and County of San Francisco, and there is no reasonable likelihood of rehabilitation, within the meaning of 11 U.S.C. § 1112(b)(4)(A);
- The Debtor has failed to maintain adequate insurance, within the meaning of 11 U.S.C. § 1112(b)(4)(C);
- The Debtor's failure to comply with reporting requirement has been inexcusable, within the meaning of 11 U.S.C. § 1112(b)(4)(F);
- The Debtor has failed to timely provide information requested by the United States Trustee, within the meaning of 11 U.S.C. § 1112(b)(4)(H);
- The Debtor has failed to timely pay taxes owed after the date of the order for relief and

has failed to file tax returns due after the date of the order for relief, within the meaning of 11 U.S.C. § 1112(b)(4)(I).

There is ample cause to convert this case to a case under chapter 7, and conversion is in the interests of the estate and creditors. The United States Trustee respectfully moves the Court for an order converting this case to chapter 7 and such other and further relief as is just.

Dated: May 26, 2011        Respectfully submitted,

                August B. Landis, Acting U.S. Trustee

                By:   /s/ Donna S. Tamanaha
                    Assistant U.S. Trustee

REPLY TO DEBTOR'S OPPOSITION TO UST'S MOTION TO CONVERT CASE TO CHAPTER 7
UNDER 11 U.S.C. § 1112: 10-33637 DM - 5 -

Case: 10-33637 Doc# 57 Filed: 05/26/11 Entered: 05/26/11 16:26:47 Page 5 of 5