JOEL K. BELWAY [60556]
THE LAW OFFICE OF JOEL K. BELWAY
Professional Corporation
235 Montgomery St., Suite 668
San Francisco, CA 94104
Telephone: (415) 788-1702
Facsimile: (415) 788-1517

*Attorney for Debtor*
*BRUGNARA PROPERTIES VI*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>BRUGNARA PROPERTIES VI,<br><br>Debtor.<br><br>Federal ID No. 91-2003281 | Chapter 11 No. 10-33637<br><br>**SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION, AS MODIFIED** |

**I. DEFINITIONS**

**A. Defined Terms**

Parties are directed to the Debtor's Disclosure Statement filed and served concurrently with this Plan of Reorganization (the "Plan") for definitions that apply throughout this Plan and the Disclosure Statement.

**B. Undefined Terms**

Terms used herein but not defined by the Plan or Disclosure Statement, but which are defined by the Code, have the meanings given to that term in the Code unless the context of the Plan clearly indicates or requires otherwise.

**C. Rules of Construction, Interpretation and Time**

In the event of any inconsistency between the Plan and the Disclosure Statement, the provisions of the Plan are controlling. The rules of construction set forth in Code section 102 shall apply to the Plan and the Disclosure Statement. In computing any period of time prescribed or allowed by the Plan, the provisions of Rule 9006(a) shall apply.

**D. Applicable Law**

Except insofar as federal law applies or the Plan specifically provides otherwise, the interpretation, implementation and enforcement of the Plan are governed by California law.

**E. Integration and Modification**

Except as expressly provided otherwise in the Plan, (a) the Plan and any exhibits to it constitute the entire and complete agreement among the parties with claims or interests in Debtor's estate with respect to the matters addressed and transactions contemplated in the Plan, superseding any prior or

contemporaneous oral or written agreements or representations concerning such matters or transactions, and (b) the rights or obligations contained in the Plan can be modified only (i) by a writing signed by the party to be held to the altered term or (ii) under Code Section 1127, if the modification has a material and adverse effect on the rights or remedies of nonsignatories.

## II. CLASSIFICATION OF CLAIMS AND INTERESTS

All claims and interests except non-classified Claims are placed in the classes described below.

**Classified Claims:**

**Class 1 – Secured Claim of Wachovia:** Class 1 consists of the allowed secured claim of Wachovia/Wells Fargo ("Wachovia") which is secured in first position (after taxes) against Debtor's real property located at 224 Sea Cliff Avenue, San Francisco, California. The Class 1 claim is impaired.

**Class 2 – Secured Claim of the Jorei Enterprises, LLC:** Class 2 consists of the allowed secured claim of Jorei, which claim is secured in second position (after taxes) against Debtor real property located at 224 Sea Cliff Avenue, San Francisco, California. The Class 2 claim is unimpaired.

**Class 3 – Secured Claim of the City and County of San Francisco:** Class 3 consists of the allowed secured claim of the City and County of San Francisco, secured by the real Property. The Class 3 claim is unimpaired.

**Class 4 – Claims of all General Unsecured Claims:** Class 4 consists of the allowed general unsecured claims. The Class 4 claims are impaired.

**Class 5 – Interests of Debtor's Interest Holder:** Class 5 consists of all holders of interests in the Debtor.

### III. TREATMENT OF NON-CLASSIFIED CLAIMS

A. **Administrative Claims:** Holders of Allowed Claims entitled to priority under Code Section 507(a) shall receive payment of their claims in full on the Effective Date or within ten days from the date the claim becomes an Allowed Administrative Claim, whichever occurs later unless the Debtor and administrative creditor agree to other less favorable treatment.

### IV. TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS

Holders of the Classified Claims and interests described in Article II above shall receive distributions as set forth below in full satisfaction of such Allowed Claims or interests. In no event shall the holder of an Allowed Claim receive a distribution of a value greater than 100% of the amount of such allowed claim.

**Class 1 – Secured Claim of Wachovia:** The allowed Class 1 claim shall have two treatment options from which to select. Under Option A the Claim will be deemed a $5 million dollar claim as of the Confirmation. The Claim shall accrue interest at 4% per annum. Payments shall be interest only and the debt shall be due in full 10 years from the Confirmation. Under Option B, the claim will be allowed in the amount of $6,140,000, and shall accrue interest at 3% interest only, due in 10 years. Under Option B the loan shall be deemed reinstated upon Confirmation. If the Class 1 claim does not select an option (selection must be made on or before the voting deadline on the Plan) it will be deemed to have selected Option A.

The right to payments under either option shall begin accruing on the Effective Date. Payments shall commence in the month of March 2012; on March 15, 2012 all monthly payments that come due on or after the Effective Date shall be made on the allowed claim. Payments shall be due by the 15th of each month and shall be deemed late if not paid by the 25th of each month. The Class 1 creditor is impaired.

**Class 2 – Secured Claim of Jorei Enterprises, LLC:** The allowed Class 2 claim shall be treated pursuant to the terms of the settlement agreement between Debtor and Jorei, the terms of which are incorporated herein as though set forth at length. Pursuant to that agreement the claim shall be due in four years and shall not accrue interest except as provided in the settlement agreement. The Class 2 claim is unimpaired.

**Class 3 – Secured Claim of the City and County of San Francisco:** The allowed Class 3 claim shall be paid in full in three equal installments, due on March 15, 2012, May 15, 2012 and July 15, 2012. The allowed Class 3 claim shall retain all rights and remedies regarding any delinquent property taxes owed by the Debtor. The Class 3 claim is unimpaired.

**Class 4 – Claims of all General Unsecured Claims:** Class 4 consists of the allowed general unsecured claims of all creditors other than priority tax creditors. Class 4 claimants will receive a pro rata share of $1,000 to be distributed three months from the Effective Date. The Class 4 claims are impaired.

**Class 5 – Interests of Debtor's Interest Holder:** Class 5 consists of all holders of interests in the Debtor. Class 5 interest holders will not receive any distributions under the

Plan. Their interests, however, will not be canceled and holders will retain their interests. Class 5 is not impaired under the Plan.

**Sale of 224 Sea Cliff Avenue, San Francisco, CA:** If Debtor has not commenced payments to Creditors as set forth above by March 15, 2012, Debtor will immediately list and sell its real property at 224 Sea Cliff Avenue, San Francisco, California; if Debtor has not entered into a contract and opened a bona fide escrow for the sale of the property by May 15, 2012, the Secured Creditors shall thereupon, without necessity of further order of Court, have the right to exercise any foreclosure rights with respect to their Claims.

### V. MEANS FOR IMPLEMENTATION OF THE PLAN

A. **Funding of the Plan:** Funding of the payments to Class 1 will come from funds Debtor will receive from its principal. Debtor anticipates that the payment to Class 2 will come via a refinance or sale of the Real Property or from capital contributed by Debtor's principal. Payment of the Class 3 claim will come from funds Debtor will receive from its principal. Payments to the Class 4 unsecured creditors will come from an infusion of capital from Debtor's principal.

B. **Sale of 224 Sea Cliff Avenue, San Francisco, CA:** If Debtor has not commenced payments to Creditors as set forth above by March 15, 2012, Debtor will immediately list and sell its real property at 224 Sea Cliff Avenue, San Francisco, California; if Debtor has not entered into a contract and opened a bona fide escrow for the sale of the property by May 15, 2012, the Secured Creditors shall thereupon, without necessity of further order of

Court, have the right to exercise any foreclosure rights with respect to their Claims.

**C. Distribution of Funds:** The Disbursing Agent will distribute funds on account of the allowed claims pursuant to the terms of the Plan. The Disbursing Agent shall also be responsible for reserving amounts for payment of any disputed claims until such time that the disputed claims are either disallowed or become allowed claims.

**D. Post-Confirmation Operations and Administration:** Until such time as a Final Decree is entered the Reorganized Debtor will file the necessary post-confirmation operating reports and pay any required fees to the U.S. Trustee. The post-confirmation members/officers of the Reorganized Debtor shall be Kay Brugnara. Professional Fees and costs incurred post-confirmation in connection with implementation of the Plan shall be paid in the ordinary course of business and without the need of review or approval by the Court.

**E. Objections to Claims:** The Reorganized Debtor will have the right and standing, but not the obligation to:

1. Object to, contest and litigate to Final Order (including the exhaustion of any appeals) the allowance of any claim, whether or not such claim is listed in the Debtor's Schedules as disputed, contingent or unliquidated; or

2. As provided by Code Section 502(c), ask the Court to estimate any claim for the purpose of voting on confirmation of the plan by means of filing an objection to such claim. The Disbursing Agent shall also have the authority to settle,

compromise, or negotiate the withdrawal of objections to Disputed Claims or the withdrawal of claims themselves.

**F. Payment Upon Resolution of Disputed Claims:** While the Reorganized Debtor will reserve amounts for any disputed claims, the Reorganized Debtor will not make any payments to holders of a disputed claim until such disputed claim becomes an allowed claim and all counter-claims of the Debtor against the holder of such Claim have been fully resolved, either by means of a settlement or a Final Order.

**G. Treatment of Executory Contracts and Unexpired Leases:** All leases or executory contracts will be assumed upon confirmation of the Plan. Any lessee asserting a claim or a "cure" under any lease must file a claim within 30 days of the Effective Date.

**H. Income Tax Consequences of the Plan:** The Plan may give rise to tax consequences to creditors and interest holders. Each creditor and interest holder is urged to consult with his, her or its own tax advisor regarding the federal, state and local tax consequences of the Plan. Holders of allowed claims will cooperate with the Reorganized Debtor to the extent the Reorganized Debtor requires said holders to provide tax information in connection with their receipt of Disbursements under the Plan.

**VI. EFFECT OF CONFIRMATION**

**A. Revesting:** Except as otherwise provided by the Plan, Confirmation revests all property of the estate in the Reorganized Debtor, including the Retained Claims.

**B. Discharge:** Confirmation of the Plan shall bind all holders of claims and interests, whether or not they accept the Plan. Confirmation of the Plan will discharge Debtor from all debts pursuant to Code Section 1141(d)(1). Upon Confirmation, all holders of claims and interests shall be precluded from asserting any further claim against the Debtor's assets or against the Reorganized Debtor to the extent any such claim is based upon any occurrence or transaction or other activity occurring prior to the Confirmation date.

## VII. MODIFICATION OF THE PLAN

Debtor may modify the Plan at any time before Confirmation. In the event of a modification to the Plan, the Court may require Debtor to provide notice of the modification by way of additional disclosures to the creditors and interest holders. Any holder of a claim that has accepted or rejected the Plan prior to modification, will be held to have accepted or rejected the modified Plan unless the Court determines that the holders of claims should be granted additional time to change the previous vote, and the holder does in fact change his, her or its vote.

## VIII. JURISDICTION RETAINED BY THE COURT

Until the Case is closed, the Court shall retain jurisdiction under 28 U.S.C. Sections 1334 and 157 over the estate in any proceedings arising in the Case, arising under the Code, or related to the Case in order to carry out the provisions, purposes and intent of the Plan or any modification thereto, including:

A. Modification of the Plan under Code Section 1127(b);

B. Interpretation of the Plan;

C.  Entry of orders to implement or enforce the Plan;

D.  Determination of the allowability and amount of claims;

E.  Determination of the Debtor's or the estate's tax liability as necessary;

F.  Approval of the assumption, assignment or rejection of any executory contract or unexpired lease of the Debtor to the extent such assumption, assignment or rejection has not occurred prior to Confirmation.

G.  Awarding compensation or reimbursement of professionals;

H.  Adjudicating controversies, including those involving Retained Claims; and

I.  Entry of a decree and order closing the Case.

Dated: June 2, 2011          BRUGNARA PROPERTIES VI

                                       By: /s/ Katherine L. Brugnara
                                            KATHERINE L. BRUGNARA
                                       Its: President

Dated: June 2, 2011          THE LAW OFFICE OF JOEL K. BELWAY
                                       Professional Corporation

                                     By: /s/ Joel K. Belway
                                       JOEL K. BELWAY
                                       Attorney for Debtor